HONORABLE RICHARD A. JONES

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| FISHING VESSEL OWNERS MARINE WAYS, INC., and SEATTLE MACHINE WORKS,<br><br>    Plaintiffs,<br>    v.<br><br>UNITED STATES SMALL BUSINESS ADMINISTRATION and JOVITA CARRANZA, in her capacity as Administrator for the United States Small Business Administration,<br><br>    Defendants. | No. 2:20-cv-01016-RAJ<br><br>ORDER GRANTING MOTION FOR WITHDRAWAL OF REFERENCE |

## I. INTRODUCTION

This matter comes before the Court on Defendants' Motion to Withdraw the Reference. Dkt. # 1-1 at 6-15. Plaintiffs filed a response disagreeing with Defendants arguments but do not oppose the motion. Dkt. # 1-1 at 18-19. For the reasons stated below, the Court **GRANTS** the motion.

## II. LEGAL STANDARD

"All cases under Title 11, and all proceedings arising under Title 11 or arising in

ORDER – 1

or related to a case under Title 11" are automatically referred to the bankruptcy court. W.D. Wash. Local Civ. R. 87(a). An adversarial proceeding in bankruptcy court may be withdrawn for reference pursuant to 28 U.S.C. § 157(d):

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d).

A bankruptcy court's statutory authority to enter judgment in a particular proceeding depends on whether that proceeding is a "core proceeding" under Section 157(b)(1). Thus, in assessing whether cause is shown, a district court "should first evaluate whether the claim is core or non-core, since it is upon this issue that questions of efficiency and uniformity will turn." *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993). Non-core matters are "[a]ctions that do not depend on bankruptcy laws for their existence and that could proceed in another court." *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997).

Once a district court determines whether the claims are core or non-core, the Ninth Circuit instructs district courts to consider "the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *Sec. Farms*, 124 F.3d at 1008 (citing *In re Orion Pictures Corp.*, 4 F.3d at 1101). Where non-core issues predominate, withdrawal may promote efficiency because a single proceeding in the district court could avoid unnecessary costs implicated by the district court's de novo review of non-core bankruptcy determinations. *Sec. Farms*, 124 F.3d at 1008–09. District courts have discretion to determine whether the moving party has shown sufficient cause to justify granting a motion to withdraw the reference. *In re Cinematronics, Inc.*, 916 F.2d at 1451; *In re Temecula Valley Bancorp, Inc.*, 523 B.R. 210, 215 (C.D. Cal. 2014).

ORDER – 2

## III. DISCUSSION

Plaintiffs Fishing Vessel Owners Marine Ways, Inc. and Seattle Machine Works (collectively "Plaintiffs") brought an adversary proceeding against Defendants United States Small Business Administration ("SBA") and Jovita Carranza, in her capacity as Administrator for the SBA, (collectively "Defendants") in the United States Bankruptcy Court of the Western District of Washington ("Bankruptcy Court"). Dkt. # 1-1 at 18. Plaintiffs claim, among other things, that the SBA exceeded its statutory authority or acted arbitrarily or capriciously in violation of the Administrative Procedures Act ("APA") when it issued an emergency rule excluding bankrupt entities from the Paycheck Protection Program ("PPP"). *Id.* at 7. Plaintiffs assert that the Bankruptcy Court has statutory and constitutional jurisdiction to determine these claims. *Id.* at 18. Plaintiffs claim that the APA claims are "statutorily 'core' pursuant to 28 U.S.C. § 157(b)(2)(A) because they arise in [a] matter concerning the administration of this bankruptcy, and therefore, the Bankruptcy Court has subject matter jurisdiction." *Id.* at 18.

Defendants claim that Congress had explicitly delegated authority to the SBA Administrator to issue rules excluding bankrupt entities through the Coronavirus Aid, Relief, and Economic Stimulus ("CARES") Act and Small Business Act. *Id.* at 7. They argue that resolving the dispute requires the interpretation of new non-bankruptcy law, specifically, the CARES Act, and the emergency rules issued by the SBA as authorized by the CARES Act. *Id.* Such a question involving interpretation of non-bankruptcy law, they assert, "should be heard and resolved in the district court." *Id.* at 14.

The Court finds agrees and finds that withdrawal is warranted in this case. The primary issue here is whether the SBA overstepped its authority in excluding bankrupt entities from the PPP. This is a non-core matter that requires interpretation of non-bankruptcy law, and as such, should be adjudicated in the district court. The Court therefore grants the motion.

ORDER – 3

## IV.  CONCLUSION

Based on the foregoing reasons, the Court **GRANTS** Defendants' Motion for Withdrawal of Reference.  Dkt. # 1-1 at 6-15.

DATED this 4th day of November, 2020.

_____

The Honorable Richard A. Jones
United States District Judge

ORDER – 4